IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| **COLLEEN DAY,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 3:10cv0014 |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Colleen Day, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for Social Security Disability ("DIB") and Supplemental Security Income payments ("SSI"). The Commissioner's final decision is based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion for summary judgment (docket no. 6) and be GRANTED; that Defendant's motion for summary

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

judgment (docket no. 8) be DENIED; and that the final decision of the Commissioner be REVERSED and REMANDED for further administrative proceedings in accordance with this report and recommendation.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed for SSI and DIB on April 11, 2007, claiming disability due to a "spinal injury, spinal stenosis, spondylosis, myelin and hypertension," with an alleged onset date of October 23, 2005. (R. at 10, 82-92, 110.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 41-50, 57-61.) On November 6, 2008, accompanied by counsel, Plaintiff testified before an ALJ. (R. at 18-40.) On January 28, 2009, the ALJ denied Plaintiff's application, finding that she was not disabled under the Act where Plaintiff retained the residual functional capacity to perform her past relevant work, either as actually performed or as generally performed in the national economy. (R. at 16.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 1-3.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

## III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270 F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process

3

that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

proceeds to the fourth step in which the ALJ is required to determine whether the claimant can return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a vocational expert ("VE"). When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

### IV. ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. at 12.) At steps two and three, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease of the spine, but that this impairment did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 12-13.) The ALJ next determined that Plaintiff had the RFC to perform light work, but that she was limited to jobs that do not require more than occasional climbing, stooping, kneeling, crouching, and crawling. (R. at 13-16.)

The ALJ then determined at step four of the analysis that Plaintiff could perform her past relevant work as a cashier because such work does not require activities precluded by the Plaintiff's RFC. (R. at 16.) Because the ALJ determined that Plaintiff was capable of performing her past relevant work, it was unnecessary to pursue the analysis to step five in which the Commissioner would have had the burden to show that, considering the claimant's age, education, work experience, and RFC, the claimant was capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f); 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled to benefits. (R. at 16-17.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the alternative, she seeks reversal and remand for additional administrative proceedings. (Pl.'s Mot. for Summ. J.) In support of her position, Plaintiff argues that the ALJ: (1) erred in his evaluation of the opinion of Plaintiff's treating physician, and thereby erred in his assessment of her RFC; and (2) improperly evaluated Plaintiff's credibility with regard to her subjective complaints of pain. (Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Mem.") at 3-10.) Defendant argues in opposition that the Commissioner's final decision is supported by substantial evidence and application of the correct legal standard such that it should be affirmed. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Mem.") at 15-21.) As the Court finds that Plaintiff's first argument provides a sufficient basis to remand the case, it is not necessary to address Plaintiff's second assertion.

**1. Plaintiff contends that the ALJ erred in his evaluation of the opinion of Plaintiff's treating physician.**

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because it is based upon an improper evaluation of an opinion rendered by Plaintiff's treating physician, Dr. Samuel Alleyne. (Pl.'s Mem. at 3-8.) Dr. Alleyne opined on August 1, 2006 that Plaintiff could not lift or pull more than five pounds, and that she must avoid excessive sitting, standing, and bending. (R. at 354.) Two years later, in November of 2008, Dr. Alleyne completed a medical and functional capacity assessment of the Plaintiff, finding her functional capacity to be more limited than before. (R. at 360-67.) Therein he advised that Plaintiff could not sit, stand, or walk for even one hour per day; that she could not lift or carry any weight; that she could never climb, balance, kneel, crouch, crawl, stoop, bend at the waist, push, pull, or reach; that she could finger frequently, but could not feel or do any gross handling; that she must

7

rest over three hours per eight-hour workday; and that she could not maintain a regular workweek. (R. at 362-67.)

The ALJ considered both of these opinions, and decided to accord the August 2006 opinion "weight," and the November 2008 opinion no weight. (R. at 15.) In evaluating these opinions with the record evidence, the ALJ stated as follows:

> [The November 2008 opinion] is inconsistent with an earlier statement [the August 2006 opinion] wherein [Dr. Alleyne] advised that the only restrictions were that the claimant should avoid excessive sitting, standing, walking, and bending (Exhibit 20F) and there is no evidence of worsening of her condition or symptoms from that time through the date of his November 2008. In addition, it is inconsistent with the generally normal findings on examinations, the nature of her medical care, her response to treatment and admission that medications control her pain, and the claimant's own admitted daily activities. Therefore, weight has not been given the November 2008 assessment but his earlier assessment of her restrictions, which is more consistent with the evidence as a whole, is given weight and is incorporated in the residual functional capacity for a limited range of light work.

(R. at 15.) Based upon his assessment of those medical opinions, along with the medical opinions of state agency physicians, the objective medical evidence, and the Plaintiff's subjective complaints of pain, the ALJ found that the Plaintiff had the RFC to perform light work, except that she was limited to jobs that do not require more than occasional climbing, stooping, kneeling, crouching, and crawling. (R. at 13-16.)

Plaintiff does not challenge the ALJ's assessment of Dr. Alleyne's opinion rendered in November 2008, which the ALJ accorded no weight. Rather, Plaintiff asserts that the ALJ improperly evaluated and incorporated into the RFC determination the 2006 opinion, to which the ALJ assigned "weight." (Pl.'s Mem. at 5-8.) Specifically, the Plaintiff asserts that, although the ALJ purported to accord the 2006 opinion "weight," the RFC determination does not reflect any deference to that opinion. (Pl.'s Mem. at 6.) Nor, Plaintiff argues, does the ALJ's RFC

8

analysis explain how the limitations identified by Dr. Alleyne were "incorporated" into the RFC. (Pl.'s Mem. at 7.) Therefore, Plaintiff asserts, it is impossible to determine whether the opinion was "properly rejected, or simply ignored." (Pl.'s Mem. at 7.) Plaintiff further contends that, had the ALJ actually accorded weight to Dr. Alleyne's 2006 opinion, he would have found that the Plaintiff was limited to a range of sedentary work, rather than light work, because the Plaintiff cannot perform either the lifting or standing required for light work. (Pl.'s Mem. at 7.) The Defendant does not respond directly to Plaintiff's argument, but instead, addresses arguments that do not appear to have been made by the Plaintiff.[6]

During the sequential analysis, when the ALJ determines whether the claimant has a medically-determinable severe impairment, or combination of impairments which would significantly limit the claimant's physical or mental ability to do basic work activities, the ALJ must analyze the claimant's medical records that are provided and any medical evidence resulting from consultative examinations or medical expert evaluation that have been ordered. See 20 C.F.R. § 416.912(f). When the record contains a number of different medical opinions, including those from the Plaintiff's treating physician(s), consultive examiners or other sources that are consistent with each other, then the ALJ makes a determination based on that evidence. See 20 C.F.R. § 416.927(c)(2). If, however, the medical opinions are inconsistent internally with each other, or other evidence, the ALJ must evaluate the opinions and assign them respective weight to properly analyze the evidence involved. 20 C.F.R. § 416.927(c)(2), (d). Under the applicable regulations and case law, a treating physician's opinion must be given controlling

---

[6] For instance, the Defendant argues that the ALJ properly rejected the November 2008 opinion, but Plaintiff does not challenge the ALJ's evaluation of that opinion.

9

weight if it is well-supported by medically-acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Craig, 76 F.3d at 590; 20 C.F.R. § 416.927(d)(2); SSR 96-2p. However, the regulations do not require that the ALJ accept opinions from a treating physician in every situation, e.g., when the physician opines on the issue of whether the claimant is disabled for purposes of employment (an issue reserved for the Commissioner), or when the physician's opinion is inconsistent with other evidence, or when it is not otherwise well supported. Jarrells v. Barnhart, No. 7:04-CV-00411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005). See 20 C.F.R. § 404.1527(d)(3)-(4), (e).

Medical opinions "are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2). Dr. Alleyne's August 2006 statement -- which reflects his judgment on the Plaintiff's ability to lift, pull, sit, stand, and bend despite her impairment -- constitutes a treating physician opinion and must be evaluated according to the above stated standard. (R. at 354.)

The ALJ evaluated Dr. Alleyne's November 2008 opinion and assigned it no weight. (R. at 15.) He did so expressly on the basis that the November 2008 opinion was inconsistent with the August 2006 opinion, the generally normal findings on examinations, the conservative nature of the Plaintiff's medical care, and her admitted daily activities. (R. at 15.) In contrast, the ALJ merely stated that he assigned the August 2006 opinion "weight" because it was "more consistent with the evidence as a whole" than the November 2008 opinion. (R. at 15.) In so concluding, the ALJ failed to articulate any reasons whatsoever for according this opinion

"weight," which presumably means something less than controlling weight. As earlier noted, a treating physician's opinion must be given controlling weight, unless it is unsupported by the medically-acceptable clinical and laboratory diagnostic techniques or inconsistent with other substantial evidence in the record. Craig, 76 F.3d at 590; 20 C.F.R. § 416.927(d)(2); SSR 96-2p. Even where a treating physician's opinion is not accorded controlling weight, it must still be evaluated using the factors articulated in 20 C.F.R. §§ 404.1527(d) and 416.927(d), which include: (1) the examining relationship between the individual and the medical source; (2) the treatment relationship, including its length, nature, and extent as well as frequency of examination; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the medical source is a specialist and the opinion concerns issues related to his or her field of specialty; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d); 416.927(d). The ALJ did not engage in any such analysis of Dr. Alleyne's August 2006 opinion. (R. at 15.)

When an ALJ evaluates an opinion of any medical source -- whether treating or nontreating -- he is required to "explain in the decision the weight given" thereto and "give good reasons in [his] . . . decision for the weight." 20 C.F.R. §§ 416.927(f)(2)(ii); 416.927(d)(2). If the ALJ does not assign weight and provide persuasive reasons for that assignment, then the court is unable to determine whether the ALJ's conclusion is substantially supported by the evidence of record. See Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984) ("We cannot determine if findings are supported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence."). Absent a statement of the ALJ's reasons for his assignment of a particular weight, the Court cannot and should not infer from the

11

record reasons to support the ALJ's conclusion.  See Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) ("[T]he magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion. The ALJ's opinion should have been evaluated based solely on the reasons stated in the decision.").

Because the ALJ did not articulate any reason in his decision for according Dr. Alleyne's August 2006 opinion the weight to which he assigned it, the Court cannot determine whether the his conclusion is substantially supported by the evidence of record.  Moreover, the Court notes that the weight assigned to the 2006 opinion was simply described as "weight," which is ambiguous and provides the Court with little insight as to how much weight the ALJ gave the opinion as compared with the other evidence in the record.  The ALJ's failure to clearly articulate the weight assigned to Dr. Alleyne's 2006 opinion and his reasons for assigning that weight is reversible error.  The Court, accordingly, recommends that the decision of the ALJ be reversed and remanded for reconsideration of Dr. Alleyne's August 2006 opinion.

## V.  CONCLUSION

Although the Court concludes that the record does not provide substantial evidence to sustain the ALJ's conclusion that Plaintiff is not disabled, the Court is unable at the same time to recommend an outright award of benefits.  The Court cannot make a finding on the weight to be assigned an opinion of a treating physician, as that is more properly assessed initially on the administrative level.  The Court is mindful of the prolonged period of time that the matter has been pending and, therefore, if remanded, it is recommended that the ALJ expedite the process by reconsidering Plaintiff's application in light of this report; that Plaintiff's most recent medical

records be reviewed; that Dr. Alleyne's August 2006 opinion be evaluated in accordance with the regulatory requirements; and that a final administrative decision be issued in which all findings are sufficiently articulated and substantiated as would be sufficient for possible judicial review.

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (docket no. 6) be GRANTED; that Defendant's motion for summary judgment (docket no. 8) be DENIED; and, that the final decision of the Commissioner be REVERSED and REMANDED for further administrative proceedings consistent with this report and recommendation.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                                  /s/
                                         DENNIS W. DOHNAL
                                         UNITED STATES MAGISTRATE JUDGE

Date: June 16, 2010
Richmond, Virginia